**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1.  ONB BANK AND TRUST COMPANY, an Oklahoma Corporation,<br><br>Plaintiff,<br><br>v.<br><br>1.  PHOENIX LIFE INSURANCE COMPANY, a Florida Corporation,<br><br>Defendant. | Case No. 12-CV-389-GKF-FHM |

## COMPLAINT

ONB Bank and Trust Company ("ONB"), for its causes of action against the Defendant, Phoenix Life Insurance Company ("Phoenix"), alleges and states:

### PARTIES

1. ONB is a corporation formed under the laws of the State of Oklahoma, whose principal place of business is in Tulsa County, Oklahoma.

2. Defendant, Phoenix Life Insurance Company ("Phoenix"), is a corporation formed under the laws of the State of Florida, whose principal place of business is in Hartford, Connecticut.

### JURISDICTION AND VENUE

3. Jurisdiction is proper under 28 U.S.C. §1332(a) because the matter in controversy exceeds $75,000.00 and the Plaintiff and Defendant are citizens of different states.

4. Venue is proper in this action pursuant to 28 U.S.C. §1391 because it involves a life insurance policy and an assignment of life insurance policy executed in Tulsa or Creek County, Oklahoma.

## FIRST CLAIM FOR RELIEF
(Breach of Contract)

5. ONB is the owner of a Term Life Insurance Policy Number 50015889 in the amount of $1,000,000.00 on the life of Brett C. Inman issued by Phoenix ("Policy").

6. The Policy was previously owned by Brett C. Inman.

7. The Policy was assigned to ONB by Brett C. Inman. A true and correct copy of the Assignment of Life Insurance Policy as Collateral ("Assignment") is attached hereto as Exhibit "A," and the terms of the Assignment are incorporated herein by reference.

8. The Assignment of the Policy was accepted by Phoenix. A true and correct copy of the Phoenix's acceptance of the Assignment is attached hereto Exhibit "B."

9. Brett C. Inman died on March 1, 2012.

10. ONB is entitled to the full proceeds payable under the Policy.

11. On March 12, 2012 and June 14, 2012, ONB filed sworn claims with Phoenix for the full amount of the proceeds payable on the Policy.

12. Phoenix has breached its contract with ONB by refusing to pay the amount due under the Policy despite ONB's demand for payment.

13. ONB has performed all conditions precedent to recover under the Policy and has not excused Phoenix's breach.

14. As a result of Phoenix's breach of the contract, ONB has sustained damages in a sum equal to the amount payable under the Policy, which exceeds $1,000,000.00.

## SECOND CLAIM FOR RELIEF
(Bad Faith)

15. ONB incorporates the averments in paragraphs 1 – 14 above as though set forth in their entirety at this point.

16. Phoenix has refused to pay ONB's claim because the spouse of the deceased Brett C. Inman, Amy Inman, disputes ONB's claim.

17. Nevertheless, the Assignment accepted by Phoenix expressly provides in Paragraph B(1) that ONB has "[t]he sole right to collect from the Insurer [Phoenix] the net proceeds of the Policy when it becomes a claim by death or maturity." Further, the Assignment provides in Paragraph F that:

> The Insurer [Phoenix] is hereby authorized to recognize the Assignee's [ONB's] claim to rights hereunder **without investigating the reason for any action taken by the Assignee, or the validity or the amount of the Liabilities or the existence of any default therein**, or the giving of any notice under Paragraph E(2) above or otherwise, or the application to be made by the Assignee of any amounts to be paid to the Assignee. **The sole signature of the Assignee shall be sufficient for the exercise of any rights under the Policy assigned hereby and the sole receipt of the Assignee for any sums received shall be a full discharge and release thereof of the Insurer**. Checks for all or any part of the sums payable under the Policy and assigned herein **shall be drawn to the exclusive order of the Assignee, if, when, and in such amounts as may be requested by the Assignee**.

(emphasis added).

18. Therefore, pursuant to the Assignment accepted by Phoenix, the sole receipt of ONB's claim is sufficient, and Phoenix is required to pay ONB's claim even if Amy Inman were to dispute ONB's claim.

19. No claim has been made by Amy Inman or any other party that the Assignment contains a forgery or is otherwise not a legally enforceable contract between ONB, Brett C. Inman and Phoenix.

20. Consequently, Phoenix's refusal to pay ONB's claim was unreasonable under the circumstances, and Phoenix thereby violated its duty of good faith and fair dealing with ONB.

21. As a result of Phoenix's refusal to pay ONB's claim, ONB has had to and continues to pay attorney's fees and has suffered damages in amount in excess of $75,000.00.

22.     The actions of Phoenix were at least in a reckless disregard for the rights of ONB. Therefore, ONB is entitled to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, ONB prays that it have judgment

A.      For a sum equal to the amount of the Policy, which exceeds $1,000,000.00, for breach of the Policy;

B.      Compensatory damages for Phoenix's violation of its duty of good faith and fair dealing in sum in excess of Seventy Five Thousand Dollars ($75,000),

C.      Punitive damages in excess of Seventy Five Thousand Dollars ($75,000),

D.      Interest and costs including reasonable attorney's fees.

E.      For such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

By: s/Garry M. Gaskins, II
Gentner F. Drummond, OBA #16645
Garry M. Gaskins, II, OBA #20212
DRUMMOND LAW, PLLC
1500 South Utica, Suite 400
Tulsa, Oklahoma 74104-6522
(918) 749-7378-Phone
(918) 749-7869-Facsimile