THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. ONB BANK AND TRUST COMPANY, an Oklahoma Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>1. PHOENIX LIFE INSURANCE COMPANY, a New York life insurance Company,<br>2. PHOENIX LIFE AND ANNUITY COMPANY, a Connecticut life insurance Company,<br><br>    Defendants, | Case No.  12 CV-389 GKF FHM<br>BASE FILE |

## CROSS-DEFENDANT AMY INMAN'S
## MOTION TO DISMISS CROSSCLAIM OF ONB BANK

Cross-defendant Amy Inman ("Mrs. Inman") moves the Court to dismiss the crossclaim [Dkt.21] asserted against her by ONB Bank & Trust ("ONB") pursuant to Fed. R. Civ. Pro. 12(b)(1), (2), (3), and (6), 28 U.S.C.A. § 1367(c)(2), (3), and (4), because identical state law claims asserted by ONB against Mrs. Inman are currently pending in the case of *ONB Bank and Trust Co. v. Concrete Pavement Specialists, LLC, Brett Inman, and Amy Inman,*, Tulsa County District Court, Case No. CJ-2011-2063 before the honorable Judge Linda G. Morrissey.  Said claims have been pending since April 12, 2011.  ONB and Amy Inman have both filed dispositive motions in that case on the same state law issues presented by ONB in its crossclaim in this case.  All such dispositive motions are currently pending and awaiting rulings by Judge Morrissey who has taken them under advisement after holding numerous hearings on the matters. Moreover, Mrs. Inman has numerous lender liability claims sounding in tort, breach of contract and quiet title, pending against ONB in the same state court action which are not before this court and cannot be compelled to be before this court pursuant to F.R.C.P. 13(a)(2)(A). Accordingly, this Court does not have proper supplemental jurisdiction over ONB's purported

1

crossclaim or the purported parties to said crossclaim.  The Court should decline jurisdiction and dismiss ONB's crossclaim pursuant to 28 U.S.C.A. § 1367(c)(2), (3), and (4).

Further, the Court should decline jurisdiction and dismiss ONB's "crossclaim" pursuant to 28 U.S.C.A. § 1359 because ONB obtained jurisdiction in this case improperly by filing a sham and knowingly baseless "bad faith" action against Phoenix Life Insurance Co. and Phoenix Life and Annuity Co. (collectively "Phoenix") in case number 12-CV-389-GKF-FHM, which was the impetus for and intended to cause Phoenix to file an Interpleader action based on diversity and as a "related case" to the ONB's "bad faith" case. [See, Interpleader Complaint, 12 CV-444-CVE-PJC, at ¶ 8].  Because the cases were "related," they were consolidated by the court into one case under the original case number of ONB's sham "bad faith" case against Phoenix.  After obtaining federal jurisdiction through improper manipulation of the Court, ONB then asserted its "crossclaim" against Mrs. Inman alleging the same claims its has asserted and are pending against her in Tulsa County District Court.  Upon asserting its "crossclaim" pursuant to purported supplemental jurisdiction under 28 U.S.C.A. § 1367, ONB then made a separate "joint agreement" with Phoenix to dismiss its sham "bad faith" action but not its pendent "crossclaim" against Mrs. Inman.  The "bad faith" case was dismissed pursuant to the joint motion of ONB and Phoenix on September 27, 2012. [Dkt. 28].  The agreement to "jointly dismiss" the sham "bad faith" case was made between ONB and Phoenix without the knowledge of Mrs. Inman.

> **1.  ONB's crossclaims should be dismissed because the identical state law claims are already pending in Tulsa County District Court.**

The identical claims ONB asserts against Mrs. Inman in its "crossclaim" have already been asserted against her by ONB in Tulsa County District Court still pending before Judge

Linda Morrissey. In fact, there are still pending motions filed in the State case filed by both ONB and Mrs. Inman which will be dispositive of the identical issues asserted by ONB in its "crossclaim" against Mrs. Inman in this case. Specifically, in the State Court Case, ONB has filed not one, but two, pending Motions for Summary Judgment on its "replevin" claims requesting a finding of "default" on the same two notes **and the property in which those notes are secured**, *including the life insurance policy proceeds*. (See, Tulsa County Case Docket Sheet, Ex. "A"). Mrs. Inman responded to that Motion and a hearing was held before Judge Morrissey on June 7, 2012. Judge Morrissey took all Motions under advisement and has not yet rendered a ruling. (Docket Sheet, Ex. "A"). As the Court can see from the excerpts of the transcript from that hearing, ONB argued vehemently that it properly brought its state law replevin claims against Mrs. Inman (based on the same two notes at issue in ONB's crossclaim and the collateral securing said notes) in Tulsa County. (June 7, 2012 transcript, Ex. "B," at pp. 12-13, 17, 31, 67-70). ONB also argued vehemently that its claims against Mrs. Inman in the Tulsa County case were fully briefed and ripe for adjudication by Judge Morrissey. (June 7, 2012 Transcript, Ex. "B," at pp. 17, 38, 50, 58). It cannot be disputed that counsel for ONB and counsel for Mrs. Inman argued the merits of ONB's claims, Mrs. Inman's defenses thereto, and Mrs. Inman's separate claims against ONB (which were then pending in Creek County but have since been transferred to the Tulsa County case) and that Judge Morrissey has not yet ruled on the matters. (June 7, 2012 Transcript, Ex. "B," at pp. 61- 65, 67-70; Tulsa County Docket, Ex. "A). **Importantly, it is abundantly clear from the record that ONB was and is seeking judgment and payment from the proceeds/property from the Phoenix Life Insurance Policy as collateral for the same two notes in the Tulsa County case.** (June 7, 2012 Transcript Ex. "B," at pp. 28, 31, 37-38, 71). Indeed, counsel for ONB stated on the record to Judge Morrissey

3

that **"the contract assignment of insurance <u>is collateral for the note that is before you.</u>"** (June 7, 2012 Transcript, Ex. "B," at p. 71).

Likewise, in the State Court case, on July 13, 2012 Mrs. Inman filed a pending Motion to Dismiss as Moot ONB's claims on the same two notes at issue, **and the property in which those notes are secured**, *<u>including the life insurance proceeds</u>*, because she has previously authorized the payment in full of all of ONB's demands against her in that case. (See, Tulsa County Docket, Ex. "A"). A hearing on that motion was held on July 17, 2012. (Ex. "A"). Indeed, part of the basis for Mrs. Inman's Motion to Dismiss was counsel for ONB's representation to Judge Morrissey that his client, ONB, **would in fact dismiss its claims against Mrs. Inman if the life insurance proceeds were authorized to be paid by Phoenix Life Insurance Company.** (See, June 7, 2012 Transcript, Ex. "B," at pp. 37-38). Counsel for ONB has obviously reneged on his representation to Judge Morrissey in that case. Judge Morrissey has not yet rendered a ruling on Mrs. Inman's pending Motion to Dismiss. (Tulsa County Docket, Ex. "A").

Further, also pending in the State Court action are Mrs. Inman's claims against ONB, originally filed in Creek County but recently transferred to Tulsa County and ordered to be consolidated with the Tulsa County case still pending before Judge Morrissey. The transfer of the Creek County Case to the Tulsa County Case was made *pursuant to ONB's Motion to Dismiss or Transfer* which affirmatively asserted that jurisdiction and venue over the notes and the property in which they are secured, including the life insurance policy proceeds, was more properly before the Tulsa County Court and Judge Morrissey. (See, Creek County Docket Sheet, Ex. "C"; and Transcript excerpts from Creek County hearing on ONB's Motion to Dismiss or

Transfer, Ex. "D"). Thus, ONB has already conceded that it believes jurisdiction lies in Tulsa County and not before this federal court.

Moreover, the Creek County Court has also already overruled and denied ONB's Motion to Dismiss Mrs. Inman's claims based on the arguments that they were 1) compulsory counterclaims which had been waived; and 2) that each of the claims were unsupported by the facts and the law. Thus, a judicial determination has already been made on Mrs. Inman's claims against ONB which are now pending in Tulsa County. (Creek County Transcript, Ex. "D"). It is clear, however, that ONB will attempt to seek a ruling in this Court which could be in conflict with a judicial determination already made in Creek County District Court if this Court retains jurisdiction over ONB's "crossclaim."

28 U.S.C. § 1367 permits the federal court to deny supplemental jurisdiction when the circumstances so warrant.

### § 1367. Supplemental jurisdiction

**(a)** Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

\* \* \*

**(c)** The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if --
 \* \* \*

**(2)** the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

**(3)** the district court has dismissed all claims over which it has original jurisdiction, or

> **(4)** in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

"Exceptional Circumstances" requiring a federal court to decline supplemental jurisdiction over state law claims includes when a parallel state court action is pending. Even if the allegations of the Complaint support federal jurisdiction, the existence of a parallel, identical state court action, still pending, requires dismissal of the federal lawsuit. *Mani v. United Bank*, 498 F.Supp.2d 406, 412 (D.Mass. 2007). It is well established that under certain exceptional circumstances, a federal court may decline jurisdiction based on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation. *Id.*, citing, *Colorado River Water Conservation Dist. V. U.S.*, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483(1976). See also, *Heritage Land Co. v. Federal Deposit Insurance Corp.*, 572 F.Supp. 1265, 1266-67 (W.D. Okl. 1983). In *Heritage*, the Western District of Oklahoma dismissed the plaintiff's federal claims against the defendant due to the pendency of identical litigation in state court. *Id.* at 1265-66. Under the "exceptional circumstances" test, the court recognized the elements or factors to be considered which include whether the cases are *in rem* and involve the same property, whether there is a policy of avoiding piecemeal litigation, which of the concurrent forums first obtained jurisdiction, what law is applicable, and whether the federal forum would be inconvenient. *Id.* at 1267. The *Heritage* Court concluded that the "exceptional circumstances" test applied and dismissed the plaintiff's federal claims because it found that: 1) the state court obtained jurisdiction first, 2) the action had progressed further in the state court than in the federal court, 3) piecemeal litigation should be avoided, and 4) Oklahoma law in effect governs the claims. *Id.* The court in *Heritage* also noted that motions for summary judgment had been filed in the state court action and that the

pleadings had come at issue, whereas the plaintiff had merely filed a claim in the federal case. *Id.*

Similarly, the court in *Mani v. United Bank*, 498 F.Supp.2d 406 (D.Mass. 2007) declined jurisdiction over the plaintiff's federal claims due to the existence of a pending parallel state action. Applying the same factors of the "exceptional circumstances" test, the court dismissed the federal claims because the state court proceedings had progressed to near adjudication, the allegations in the state case were the same as in the federal case, and engaging in piecemeal litigation posed the risk of duplication and conflicting results. *Id.* at 413. Further, the court in *Mani* noted that the state claims involved matters of state law that are fully capable of adjudication by the state courts in which jurisdiction first attached. *Id.*

The Tenth Circuit has expressly held that when an action is *in rem*, it is the court which first acquires jurisdiction that has the exclusive right to determine the controversy to the exclusion of any other court. *Miller v. Miller*, 423 F.2d 145, 146-147 (10th Cir. 1970). Under Oklahoma law, an action in replevin is an action *in rem*. *Fenton v. Young Chevrolet Co.*, 127 P.2d 813, 814 (Okla. 1942), *Mitchell v. White*, 233 P. 746, 747 (Okla. 1925); see also, *Arvest Bank v. Spirit Bank, NA*, 191 P.3d 1228, 1232, fn.6 (Okl. App. 2008)(recognizing that the collection of a debt though the collateral is an action *in rem*).

The Tenth Circuit has also held that when there is a case pending in a state court in which the parties in the federal courts are also present, which involves the identical questions, it is the duty of federal court to require the parties to litigate questions of purely state law in the state court. *Layton v. Thayne*, 144 F.2d 94 (10th Cir. 1944). The Tenth Circuit recognizes the "sound doctrine" that a federal court should not proceed to litigate the same cause of action pending in a state court, where the controversy between the parties to the federal court suit can be better

7

settled in the state proceedings wherein all necessary parties have been joined and are amenable to the state court process. *Edmonston v. Sisk*, 156 F.2d 300, 303 (10th Cir. 1946). The rule of comity should stay the hand of the federal court until final adjudication between the same parties the state court. *Id.* Further, it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. *Franklin Life Ins. Co. v. Johnson*, 157 F.2d 653, 656 (10th Cir. 1946). Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided. *Id.*

Moreover the adverse disposition of a plaintiff's federal claim early on in the litigation warrants the dismissal of any supplemental state law claims. *Kuel v. LaFarge Corp.*, 164 F.Supp.2d 200, 202 (D. Mass. 2001), citing, *Rodrigues v. Doral Mort. Corp.*, 57 F.3d 1168, 1177 (1st Cir. 1995). When the federal law claim is eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity - will point toward declining to exercise jurisdiction over the remaining state-law claims. *Id.*, citing, *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, n.7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988).

In the case at bar, it is abundantly clear that the identical state court claims, based on Oklahoma law have been pending in the Tulsa County District Court and cross-dispositive motions are pending. It is undisputed that the Tulsa County Case had jurisdiction first and that the claims sound *in rem*. ONB has admitted that the *res* of the insurance proceeds are before the Tulsa County District Court. Considering all the factors set forth in the facts above, this Court should deny jurisdiction and dismiss ONB's "crossclaim" against Mrs. Inman.

Another case specific factor to be considered is whether the plaintiff has engaged in any manipulative tactics. *Kuel v. LaFarge Corp.*, 164 F.Supp.2d 200, 202 (D. Mass. 2001), citing, *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. at 357, 108 S.Ct. 614.  If the plaintiff has attempted to manipulate the forum, the court should take such behavior into account in determining whether the balance of factors support a remand in the case.  *Id.*

### 2.     The Court should dismiss ONB's "crossclaim" pursuant to 28 U.S.C.A. § 1359.

ONB clearly filed a sham and improper "bad faith" case against Phoenix Life for fraudulent purposes which was to 1)  fraudulently obtain federal court jurisdiction, and 2) to prevent Mrs. Inman from receiving the remaining proceeds as the beneficiary of her husband's life insurance policy with the intent of pressuring Mrs. Inman into forgoing her legal rights and claims against ONB.

Contrary to the assertions set forth in Phoenix's "interpleader action" there is no dispute regarding *who* to pay *what* the proceeds of the life policy to.  On July 11, 2012 and again on July 13, 2012, Amy Inman informed ONB and authorized Phoenix to pay ONB the full amount ***all*** of ONB's demands to the life insurance proceeds as asserted in the Tulsa County Case of *ONB Bank and Trust Co. v. Concrete Pavement Specialists, LLC, Brett Inman, and Amy Inman*, CJ-2011-2063 in the amount of $515,424.06 rendering all issues in that case moot.  (See, Letters dated July 11th and July 13th and attachments thereto attached as Exhibits "E" and "F" respectively).  The amount which Mrs. Inman approved ($515,424.06) was the full amount of the payoff *as communicated by ONB* on the same day Mrs. Inman authorized said payment.  (See, email to counsel for Phoenix from counsel for Mrs. Inman, Ex. "G").  Despite full payment authorization, however, Defendant ONB refused to accept the full payment unless Mrs. Inman

9

agreed to dismiss her previously filed, separate, and distinct lender liability claims already pending against ONB and two other parties, Central Bancompany, Inc, and Christian Meyers in Creek County District Court Case No. CJ-2011-0637 which have now withstood ONB's and the other defendants' legal challenge to their validity, and have been transferred back to the Tulsa County District Court case before Judge Morrissey. (See, Creek County Docket Sheet, Ex. "C" and Creek County Transcript, Ex. "D"). Only after Mrs. Inman refused to succumb to ONB's extortive demands did ONB rush to this Court to file its knowingly baseless lawsuit against the life insurance company styled *ONB Bank and Trust Company v. Phoenix Life Ins. Co.*, 12-CV-389-GKF-FHM. The clear and unlawful purpose of ONB's lawsuit against Phoenix Life was to hold hostage the remaining proceeds of the life insurance policy due and owing to Mrs. Inman in hopes of pressuring her into dismissing her legal rights and claims in State Court against ONB, Central Bancompany and Christian Meyers, and to fraudulently obtain federal jurisdiction over Mrs. Inman via a "crossclaim" after Phoenix filed an interpleader action in response to the sham "bad faith" case filed by ONB. This is shown, *inter alia*, by the fact that ONB and Phoenix entered into a "joint agreement" to dismiss ONB's case against Phoenix immediately upon Phoenix's deposit of the insurance proceeds into the federal court registry.

Mrs. Inman first learned of the "joint agreement" between ONB and Phoenix to dismiss the sham "bad faith" case in a proposed pleading transmitted to counsel for Mrs. Inman by counsel for Phoenix on September 18, 2012. Counsel for Phoenix wanted to file the proposed "*Motion for Leave to Deposit Interpleader Funds, Dismissal, and Recovery of Attorney Fees*" unopposed and requested that counsel for Mrs. Inman review the same. (See, emails attached as Ex. "H"). To the surprise of counsel for Mrs. Inman, the proposed motion mentioned that ONB would be dismissing its "bad faith" case against Phoenix simultaneously with the filing of the

10

Motion to Deposit Interpleader Funds. (See, Proposed Motion Excerpts, Ex. "I," at p. 2, fn. 3). When asked about the agreement, counsel for Phoenix stated that "ONB agreed to dismiss the claims against my client **as they realized there is no contract between ONB and Phoenix and therefore, no subsequent bad faith claim."** (See, emails, Ex. "I"). It is disingenuous at best to think that ONB suddenly "realized" there was no contractual privity between it and Phoenix only upon Phoenix agreeing to file a motion to place the interpleader funds into the Court's registry.

Counsel for Mrs. Inman obviously objected to the proposed motion of Phoenix and it has not been filed. However, the "joint agreement" to dismiss the obviously sham bad faith case was carried out by ONB and Phoenix leaving nothing before this Court but the Interpleader filed in response to the "bad faith" action and ONB's "crossclaim" based on fraudulently obtained federal court jurisdiction. These facts permit the Court to dismiss ONB's "crossclaim" under 28 U.S.C.A. § 1359.

**§ 1359. Parties collusively joined or made.**
A district court shall not have jurisdiction of a civil action **in which any party**, by assignment **or otherwise**, **has been improperly** or collusively made or **joined to invoke the jurisdiction** of such court. (emphasis added).

The purpose of the Section 1359 is interpreted broadly and is to deny the use of federal courts in suits which did not really and substantively involve a dispute or controversy properly within the jurisdiction of the federal court. *Bishop v. Hendricks*, 495 F.2d 289, 293-294 (4th Cir. 1974). It is intended to exclude from the diversity jurisdiction purely local controversies with not more than a contrived interstate appearance. *Lester v. McFaddon*, 415 F.2d 1101, 1104 (4th Cir. 1969). It forbids collusive *or improper* manufacture of jurisdiction "by assignment *or otherwise." Id.* at fn.8. The word "improperly" broadly covers any act or conduct deemed unsuited to the circumstances of the case. *Bradbury v. Dennis*, 310 F.2d 73, 75 (10th Cir. 1962).

Section 1359 is derived from the former Title 28 U.S.C. § 80 and maintains its purpose of requiring the District Court to dismiss suits any time it appears to the satisfaction of the court that the parties to said suit have been improperly or collusively made or joined, either as plaintiffs or defendants, for the purpose of creating a case cognizable in or removable to federal court. *Steinberg v. Toro*, 95 F.Supp. 791, 794 (D. P.R. 1951). In such cases, the district court shall proceed no further therein, but shall dismiss the suit. *Id.* The federal courts are of limited jurisdiction, and it is elementary that Congress, in conferring diversity jurisdiction upon them, did not intend thereby to open those courts to suitors who by sham, pretense or fiction acquired an apparent or spurious status that would invoke federal jurisdiction. *Id.* at 795. The purpose of Section 1359 is to prevent the manipulation of jurisdictional facts where none existed before. *Walk Haydel & Assoc. v. Coastal Power Production Co.*, 934 F.Supp. 209, 212 (E.D. La. 1996). Moreover, **a claim that jurisdiction was improperly created is a jurisdictional defect under § 1359 which is not subject to waiver.** *Id.*, citing, *In Re Shell Oil Co.*, 932 F.2d 1518 (5th Cir. 1991)

The Court should look at the matter on a case by case basis and if it finds that Section 1359 applies, it may dismiss a plaintiff's claim against a third-party defendant made without independent jurisdictional grounds. *Morgan v. Serro Travel Trailer Co. Inc.*, 69 F.R.D. 697, 702 (D. Kan. 1975).

It is clear from the above facts that ONB engaged in manipulation of the court's jurisdiction by filing a sham "bad faith" case against Phoenix and then dismissing it by joint agreement with Phoenix after filing a pendent "crossclaim" against Mrs. Inman. The facts of the matter requires the Court to dismiss ONB's "crossclaim" pursuant to Section 1359.

WHEREFORE, for the reasons and authority set forth above, Mrs. Inman respectfully requests the Court dismiss ONB's "crossclaim" asserted against her in this action.

Respectfully submitted,

By: s/Michael L. Barkett
Michael L. Barkett, OBA #16171
THE BARKETT LAW FIRM, PLLC
1408 South Harvard Avenue
Tulsa, Oklahoma 74112
918.582.6900 - Telephone
918.582.6907 - Facsimile
mbarkett@barkettlaw.net

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of September, 2012, I electronically transmitted the above Motion to Dismiss to the Clerk of the Court using the ECF System for filing and transmittal of Notice of Electronic Filing to the following ECF registrants:

| | |
|---|---|
| Gentner Drummond<br>gfd@drumlaw.com<br><br>Gary Gaskins<br>gmg@drumlaw.com<br><br>*Attorneys for ONB Bank and Trust Company* | Christopher B. Woods<br>Christopher.woods@crowedunlevy.com<br><br>and<br>Thomas Hetherington<br>Thomas.hetherington@emhllp.com<br><br>*Attorneys for Phoenix Life and Annuity Company* |

s/Michael L. Barkett
Michael L. Barkett

13